**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv58**

| | |
|---|---|
| **JAMES ECKFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. The parties subsequently consented to the jurisdiction of this Court. This case is now before the Court on the parties' Motion for Summary Judgment and Motion for Judgment on the Pleadings. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **DENIES** the Motion for Judgment on the Pleadings [# 16] and **GRANTS** the Motion for Summary Judgement [# 18].

I. **Procedural History**

Plaintiff filed an application for disability insurance benefits on January 8, 2014. (Transcript of Administrative Record ("T.") 157.) The application had a

protective filing date of January 6, 2014.  (T. 58.)  Plaintiff alleged an onset date of December 15, 2013.  (T. 315.)  Subsequently, Plaintiff amended his alleged onset date to July 1, 2014.  (T. 35-36.)  The Social Security Administration denied Plaintiff's claim.  (T. 86-90.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 91-95.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 30-57.)  The ALJ then issued a decision finding that Plaintiff was not disabled from July 1, 2014, through the date of the decision.  (T. 25.)   Plaintiff requested review of the ALJ's decision.  (T. 7-9.)  The Appeals Council denied Plaintiff's request for review.  (T. 1-3.)  Plaintiff then brought this action seeking review of the Commissioner's decision.

   **II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past

relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id.  The burden rest with the Commissioner  at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.   If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.  The ALJ's Decision**

In her October 14, 2015, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act.  (T. 25.)  The

ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 30, 2017.

(2) The claimant has not engaged in substantial gainful activity since The [sic] amended onset date of disability, or July 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: rheumatoid arthritis and obesity (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of "medium" work as defined in 20 CFR 404.1567(c).

(6) The claimant is capable of performing past relevant work as a Crew Chief Foreman. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from the amended onset date of disability, or July 1, 2014, through the date of this decision (20 CFR 404.1520(f)).

(T. 15-25.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V. Analysis[1]

Residual functional capacity is an administrative assessment made by the

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

Here, the ALJ found that Plaintiff could perform the full range of medium work, as defined in Section 404.1567(c). (T. 17.) "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). In reaching her decision, the ALJ considered all the evidence in the record, set forth Plaintiff's functional limitations, assessed Plaintiff's work-related abilities on a

function-by-function basis, and included a thorough narrative discussing how the evidence in the record supported her RFC. (T. 17-23.) Plaintiff, however, contends that the ALJ erred because substantial evidence in the record does not support the ALJ's RFC finding that Plaintiff is capable of performing the full range of medium work without at least some limitations, such as postural, fingering, walking, or standing.

Upon a review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence. As the ALJ articulated in her decision, and as the Commissioner lays out in her brief in support of her Motion for Summary Judgment, substantial evidence supports the ALJ's finding that Plaintiff was capable of performing the full range of medium work without any limitations. For example, the ALJ discussed at great length the findings of Plaintiff's rheumatologist, Dr. Alison Johnson, who counseled Plaintiff that he could live a "normal healthy life" if he continued to treat his rheumatoid arthritis appropriately. (T. 297.) While Dr. Johnson provided Plaintiff a medical note to be out of work for three days on January, 21, 2014, Dr. Johnson also encouraged Plaintiff to continue working because the medications for his rheumatoid arthritis should treat his symptoms. (Id.)

Subsequent follow up examinations by Dr. Johnson showed improvements

in swelling and range of motion in Plaintiff's hands and small joints, a normal gait, and 5/5 strength in his upper and lower extremities. (T. 359, 397.) Dr. Johnson also encouraged Plaintiff to exercise to address weight gain. (T. 361, 384, 398.) Plaintiff, however, refused to take even over the counter anti-inflammatories (T. 370), and failed to pick up a prescription for other medications (T. 394). Dr. Johnson also noted Plaintiff's prior failure to follow up for treatment. (T. 297.) On July 1, 2015, Dr. Johnson reported that Plaintiff's labs looked great, that his SR was normal, his CRP was stable and improved, and that there were no signs on the labs of persistent rheumatoid arthritis. (T. 423.)

Accordingly, there is substantial evidence in the record supporting the ALJ's determination that although Plaintiff had a history of rheumatoid arthritis, the most recent examinations were normal and showed that Plaintiff's rheumatoid arthritis was not active, and that Plaintiff could perform the full range of medium work. (T. 23.) In addition, substantial evidence supports the finding of the ALJ that Plaintiff's condition was controlled by medication (T. 23) and, thus, would not be disabling. See Clark v. Colvin, No. 5:13-cv-00157-GCM, 2014 WL 7005366, at *3 (W.D.N.C. Dec. 11, 2014) (Mullen, J.); Henderson v. Colvin, No. 1:13CV97, 2014 WL 4854742, at *4 (W.D.N.C. Sept. 30, 2014) (Mullen, J.). Because the Court finds that the ALJ's RFC determination is supported by substantial evidence in the

record, no remand is required in this case. The Court **GRANTS** the Commissioner's Motion for Summary Judgment [# 18].

## VI. Conclusion

The Court **DENIES** the Motion for Judgment on the Pleadings [# 16] and **GRANTS** the Motion for Summary Judgement [# 18]. The Court **AFFIRMS** the decision of the Commissioner. The Court **DIRECTS** the Clerk to **CLOSE** this case.

Signed: November 1, 2016

Dennis L. Howell
United States Magistrate Judge